Bernard Ellis TYREE, Plaintiff,

v.

**HARBOR FREIGHT TOOLS CO., Defendant.**

No. CIV. A. 00–D–1285–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 12, 2001.

1286

Allen G. Woodard, Rufus R. Smith, Jr., Dothan, AL, for Plaintiff.

William A. Scott, Joseph E. Stott, Jr., Clark & Scott, Birmingham, AL, for Defendant.

1. "Defendant" or "Harbor Freight."

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion For Summary Judgment, which was filed March 21, 2001. Plaintiff filed a Response April 5, and Defendant issued a Reply April 23. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the Motion is due to be granted.

## I. JURISDICTION AND VENUE

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

The court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is entered if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## III. FACTUAL BACKGROUND

In July 2000, Plaintiff Bernard Ellis Tyree purchased a 40–gallon auto parts washer from Defendant Central Purchasing d/b/a/ Harbor Freight Tools Company.[1] Plaintiff read the packet of instructions that came with the washer and assembled the washer himself. Plaintiff used the machine August 23, and it caught fire almost immediately after he turned it on. When the fire started, Plaintiff was using ten to

twelve gallons of undiluted mineral spirits as a solvent. The fire destroyed Plaintiff's mechanic shop, his home, and several surrounding homes.

The assembly and operating instructions that accompanied the type of washer Plaintiff purchased had several warnings labeled "SPECIAL WARNINGS WHEN USING THIS PARTS WASHER." The instructions said: "[N]ever use any flammable solvents in this tub," and "[N]ever use any solvents which create hazardous fumes. Use water and household detergents only." The assembly booklet also directed the machine's operator to "use only approved cleaning solutions." It explicitly warned: "NEVER USE HIGHLY VOLATILE FLAMMABLE SOLVENTS, SUCH AS GASOLINE, TOLUENE, KEROSENE, DIESEL FUEL, ETC. Serious risk of both fire, explosion and personal injury may result." Plaintiff admits knowing that mineral spirits were flammable before he used them in the machine. He also admits reading part of the warnings that accompanied the washer.

## IV. DISCUSSION

■ Plaintiff seeks relief under the AEMLD. A defendant may avoid liability if it proves the plaintiff misused the product. The defendant must establish that the plaintiff used the product in some unintended and unforeseeable manner. *See Kelly v. M. Trigg Enter., Inc.,* 605 So.2d 1185, 1192 (Ala.1992). Harbor Freight argues that Plaintiff misused the parts washer when he put flammable solvent in it. Harbor Freight further suggests that it notified consumers of the washer's intended use by publishing specific instructions that warned against using flammable solvents in the machine. Therefore, because it attempted to eliminate the risk of harm from a foreseeable misuse with an adequate warning, Harbor Freight argues it is entitled to summary judgment. *See Gibson v. Norfolk S. Corp.,*

878 F.Supp. 1455, 1461 (N.D.Ala.1994) (failure to follow adequate warning can constitute misuse).

■ Plaintiff relies on expert testimony to establish that the instructions were inadequate. Plaintiff's experts criticized the warnings and concluded that the product was unreasonably dangerous. The experts reached these conclusions after testing a parts washer with product # 36015. However, invoice slips show that Plaintiff purchased parts washer # 44108, not # 36015. It is undisputed that the instructions written to accompany # 44108 warn against using "highly flammable solvents such as gasoline." In addition, Harbor Freight's purchasing agent testified that item # 36015 costs $199.99 and was expressly designed for use with flammable materials, but that item # 44108 costs $119.00 and is not designed for such a purpose.

■ Plaintiff bears the burden of showing that his proffered expert testimony would help the jury determine whether the washer was unreasonably dangerous. Although federal district courts must be "mindful that Rule 702 was intended to liberalize the introduction of relevant evidence," this interest must be "balanced against the court's obligation to exclude expert testimony that, by its very nature, has the potential to be both powerful and misleading." *KW Plastics v. United States Can Co.,* 131 F.Supp.2d 1289, 1291 n. 1 (M.D.Ala.2001). Moreover, " 'the trial court's gatekeeping function requires more than simply taking the expert's word for it.' " *Id.* at 1294 (quoting FED. R. EVID. 702 advisory committee notes).

■ If an expert's opinion in a products liability case is substantially based on his tests of a product, and no other reliable source of information, then the expert must test a product that is identical in all material respects to the allegedly defective

product. Plaintiff's experts did not do this. Rather, Harbor Freight has shown that the product the experts tested was a different machine with materially different properties. Therefore, any tests performed on washer # 36105 or any expert conclusions drawn from instruction booklets provided with washer # 36105 would be unhelpful to the jury's analysis. Without this irrelevant testimony, Plaintiff's claim is supported only with speculation. Summary judgment is due to be granted. *See E.T. Barwick Indus. v. Walter Heller & Co.*, 692 F.Supp. 1331, 1347 (N.D.Ga.), *aff'd,* 891 F.2d 906 (11th Cir.1989).

## V. ORDER

It is CONSIDERED and ORDERED that Harbor Freight's Motion For Summary Judgment be and the same is hereby GRANTED. All remaining motions be and the same are hereby DENIED AS MOOT. A judgment follows.